

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00397-CV

_____

JUDY DELAGARZA AND THOMAS M. DELAGARZA, Appellants

V.

U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CHALET
SERIES IV TRUST, Appellee

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 14-04892-367

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellee U.S. Bank Trust National Association, as Trustee of the Chalet Series IV Trust, has filed a motion to dismiss the appeal of the trial court's August 11, 2020 final judgment by Appellants Judy DeLaGarza and Thomas M. DeLaGarza. In its motion, Appellee points out that Appellants' late-filed notice of appeal deprives this court of jurisdiction. *See* Tex. R. App. P. 26.1(a)(2) (requiring notice of appeal to be filed within 90 days after judgment's signing if any party timely files a motion to modify the judgment); *Cummings v. Billman*, No. 02-20-00034-CV, 2020 WL 938172, at *2 (Tex. App.—Fort Worth Feb. 27, 2020, no pet.) ("A timely-filed notice of appeal is required in order to invoke the appellate court's jurisdiction.").

Because Appellants filed a timely motion to modify the judgment, their notice of appeal was due November 9, 2020. *See* Tex. R. App. P. 26.1(a)(2). However, they did not file their notice of appeal by that date. And they did not file their notice of appeal by November 24, 2020, notwithstanding the fifteen-day extension of time that is implied in civil cases. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Appellants did not file their notice of appeal until December 9, 2020. On the same day that they filed their notice of appeal, they also filed a late motion for extension of time citing the COVID-19 pandemic as the reason for the delay.

Once the period for granting a motion for an extension of time under Texas Rule of Appellate Procedure 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *See id.*; *see also Twenty-First Emergency Order Regarding the*

2

*Covid-19 State of Disaster*, Misc. Docket No. 20-9091, ¶ 3 (Tex. July 31, 2020) (stating that order's extension of civil case deadlines "does not include deadlines for perfecting appeal"); *Eighteenth Emergency Order Regarding the Covid-19 State of Disaster*, Misc. Docket No. 20-9080, ¶ 11 (Tex. June 29, 2020) (same); *Seventeenth Emergency Order Regarding the Covid-19 State of Disaster*, Misc. Docket No. 20-9071, ¶ 11 (Tex. May 26, 2020) (same); *Twelfth Emergency Order Regarding the Covid-19 State of Disaster*, Misc. Docket No. 20-9059, ¶ 5 (Tex. Apr. 27, 2020) (same); *Eighth Emergency Order Regarding the Covid-19 State of Disaster*, Misc. Docket No. 20-9051, ¶ 3 (Tex. Apr. 1, 2020) (same).[1] Accordingly, we grant Appellee's motion and dismiss the appeal for want of jurisdiction.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: January 14, 2021

---

[1]Electronic filing has been mandatory for all attorneys filing civil cases in the courts of appeals since January 1, 2014—long before the COVID-19 pandemic. *See Amended Order Requiring Electronic Filing in Certain Courts*, Misc. Docket No. 13-9164, ¶¶ 1–2 (Tex. Dec. 9, 2013).